## TRUSTEES OF HAVANA v. SUPERVISORS OF SCHUYLER.

*County buildings — board of supervisors may take fee of site — Statutory construction — County seat of Schuyler county.*

The board of supervisors of a county is competent to take and hold for the county an absolute fee in lands acquired for the site of county buildings.

By Laws 1857, chap. 374, the location of the court-house, etc., of the county of Schuyler at Havana was confirmed, and the trustees of that village were required to convey, within twenty days, an outstanding reversion of the site to the supervisors of the county. The trustees paid for this reversion $3,000, and conveyed it within the time required to the supervisors for a nominal consideration. By Laws 1867, chap. 768, the site of the county building was changed to the village of Watkins, and a sale of the buildings at Havana directed. *Held*, (1) that the trustees of Havana had no such interest as would entitle them to maintain an action to restrain the sale; and (2) that by the act of 1857 the legislature, even if it had the power to do so, made no contract which conferred any vested right upon said trustees or deprived the legislature of the power of changing the locality of the court-house in said county.

APPEAL by plaintiff from a judgment in favor of defendant in an action tried by the court without a jury.

The action was brought in Schuyler county by the trustees of the village of Havana and Charles Cook against the board of supervisors of Schuyler county to restrain the defendant from proceeding under Laws 1867, chapter 768, to change the county seat of Schuyler county from said village to the village of Watkins, and other relief. In 1857 the legislature passed an act (chap. 345) locating such county seat at Havana. By section 2 of the act the trustees of the village of Havana were authorized and required, within twenty days after the passage of the act, to convey all the reversionary interest in the court-house then located in the said village. Previous to that time the site of the court-house, etc., of the county of Schuyler had been fixed upon by commissioners appointed for that purpose, and a conveyance made by plaintiff, Charles Cook, who owned the site, of the necessary lands for the purposes mentioned, with a reversion to himself in case the premises should cease to be used as a site for the county buildings. This conveyance was made without consideration. The act of the legislature, above mentioned (Laws 1857, chap. 345), confirmed the selection of the site. In pursuance of the requirement the trustees of Havana, who had acquired the reversionary interest of Cook for

$3,000, conveyed the same without consideration to the supervisors of Schuyler county.

By Laws 1867, chapter 768, the county seat of said county was changed to the village of Watkins, and the board of supervisors was required to sell the Havana site and with the avails reimburse such citizens of Watkins as might have contributed toward the purchase of a site at Watkins for the county buildings, and the erection of buildings thereon. Proceedings were instituted to carry the provisions of the act into effect. To restrain such proceedings this action was brought.

*S. C. Keeler* and *Erastus P. Hart*, for appellants.

*S. L. Rood* and *H. B. Smith*, for respondents.

By THE COURT. The opinion of the learned judge at special term upon the motion to dissolve the injunction originally issued in this case very properly disposes of the main questions which are involved. Concerning the views there expressed we are of the opinion that the judgment was right and should be affirmed.

Independent of other considerations it seems to us that there are two grounds which are fatal to the action.

First. The plaintiffs as trustees have no such rights as entitle them to maintain this action. Second. No contract was made by the legislature in any act which was passed, even if it had the power to make such contract, which conferred any vested right or deprived that body of the power to provide for the holding of public courts and changing the locality of the court-house in the county of Schuyler.

The judgment must be affirmed, with costs.

[The following is from the opinion above referred to and is believed to be all therein that is important for publication.]

JOHNSON, J. (after stating the facts and that upon them the plaintiffs were not entitled to maintain the action).

"It is claimed, however, on the part of the plaintiffs that whatever may have been the form of these conveyances, and whatever title or interest they might and would have conveyed under ordinary circumstances, being conveyances to the board of supervisors for the public use specified, they only conveyed, and the board of supervisors could only take, a particular title or interest determinable upon the cessation or extinguishment of the right of the public

to use the buildings and premises for the purpose for which they were conveyed. This opinion is in my judgment wholly untenable. These conveyances, except the first, upon their face convey all the right and title which the parties executing them had without limitation or reservation, and there can, I think, be no doubt that the board of supervisors are competent to take and hold for the county an absolute and unqualified fee in lands for such purposes.

"The question is, I think, fully settled by the Supreme Court at general term in this district in the case of *Gillespie* v. *Broas*, 23 Barb. 370. The act of the legislature of April 13, 1857, is based upon the same legal proposition and was, I apprehend, passed in consequence of that decision and for the express purpose of securing to the county an absolute and unqualified title in fee to the premises ; but granting that this view is erroneous and that either the plaintiffs have, as trustees, or that Cook has in his individual right, a reversionary title or interest, commencing in possession on the determination of the right of the county to use the buildings and premises in question as a court-house, jail, and clerk's office, how are the plaintiffs to be, in any conceivable manner, injured by the proceedings of the defendants, which they are seeking to enjoin and restrain perpetually."

*Judgment affirmed.*